UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
ROBERT DEREK LURCH,

                    Plaintiff,

        -against-                                    20-CV-3430 (LLS)

NYSDOCCS, et al.,                                       ORDER

                    Defendants.
```

LOUIS L. STANTON, United States District Judge:

      Plaintiff, appearing *pro se*, filed this action under 42 U.S.C. § 1983 while he was incarcerated in the Vernon C. Bain Center (VCBC). On June 12, 2020, the Court issued an order directing Plaintiff to file an amended complaint within sixty days. That order specified that failure to comply would result in the dismissal of this action for failure to state a claim upon which relief may be granted. On July 8, 2020, the Court granted Plaintiff an additional sixty days to comply with the Court's June 12, 2020 order. Because Plaintiff did not file an amended complaint as directed, on October 23, 2020, the Court dismissed this action under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted. But on November 11, 2020, Plaintiff filed a motion for reconsideration requesting that the Court vacate the October 23, 2020 dismissal order and reopen this action.

      The Court liberally construes this submission as a motion under Fed. R. Civ. P. 59(e) to alter or amend judgment and a motion under Local Civil Rule 6.3 for reconsideration, and, in the alternative, as a motion under Fed. R. Civ. P. 60(b) for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the

amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

**A.     Plaintiff's motion for reconsideration**

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *Id.* at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)); *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

Plaintiff asserts the following: on July 27, 2020, almost three weeks after the Court granted him the sixty-day extension to file the amended complaint, he was released from VCBC; at first, he did not have a residence to go to and lost all of his legal paperwork, including the Court's order directing him to amend. On August 6, 2020, Plaintiff submitted a change of address to the Court, but shortly after, he was arrested again, and all of his possessions – including documents that were sent to the new address – were lost. Over two months later, on October 19,

2020, Plaintiff called the Court's Pro Se Intake Unit, and after pleading with a supervisor, he was allowed to submit a change of address over the phone. He also requested that copies of documents entered on the dockets of his cases in the last two months be sent to his new address. Plaintiff later received notification that this case had been dismissed.

Plaintiff asserts that he did not "intentionally" choose not to respond to the Court's order but that he was unable to file an amended complaint "for reasons that were out of [his] control." (ECF No. 11, at 2.) He requests that the Court reopen this matter and allow him to file an amended complaint.

Plaintiff has failed to demonstrate in his motion that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. Plaintiff's motion under Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 is therefore denied.

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

Plaintiff's contentions concerning his being in and out of custody over the last few months, and the changes to his address, do not excuse his failure to timely amend his complaint. Plaintiff was well aware of the Court's order in June 2020, after which he requested additional time to comply. But although he was given additional time – until September 8, 2020 – to file the amended complaint, and the Court waited another six weeks to dismiss the action, Plaintiff still

3

failed to comply. Yet, on September 16, 2020 – during this same period of time when Plaintiff asserts he was unable to respond to the Court's order – he was able to file an opposition to a motion to dismiss in another case. *See Lurch v. The City of New York*, ECF 1:19-CV-4350, 55 (S.D.N.Y. filed May 3, 2019). The Court finds that Plaintiff fails to establish a reasonable excuse for his failure to file an amended complaint.

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

**B.    Plaintiff is barred under 28 U.S.C. 1915(g)**

Chief Judge Colleen McMahon recently issued an order finding that Plaintiff is barred under the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), from filing any federal civil action *in forma pauperis* (IFP) while a prisoner unless he is in imminent danger of serious physical injury. *See Lurch v. Bernal*, ECF 1:20-CV-9329, 3 (S.D.N.Y.

Nov. 9, 2020).[1] Because it appears that Plaintiff was barred under § 1915(g) at the time he filed this action, he may not proceed IFP with this case, unless he is "under imminent danger of serious physical injury."

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's motion for reconsideration (ECF No. 11 ) is denied. All other pending matters in this action are terminated.

SO ORDERED.

Dated:   December 9, 2020
         New York, New York

                                              *Louis L. Stanton*
                                              Louis L. Stanton
                                              U.S.D.J.

---

[1] Chief Judge McMahon listed the following cases as the strikes Plaintiff has accumulated under the PLRA: *Lurch v. City of New York*, ECF 1:18-CV-2379, 11 (S.D.N.Y. June 12, 2018) (dismissed for failure to state a claim); *Lurch v. N.Y.C. Dep't. of Corr.*, ECF 1:16-CV-3835, 11 (S.D.N.Y. Nov. 11, 2016) (dismissed for failure to state a claim); *Lurch v. Fayetteville Police Dep't*, No. 5:13-CV-0394 (BO), 2013 WL 12172637 (E.D.N.C. June 7, 2013), *adopted sub nom., Lurch v. Fayetteville Police Dep't & the Pantry, Inc.*, ECF 5:13-CV-0394, 13, 2013 WL 12172877 (July 31, 2013) (dismissed as frivolous). *See Lurch v. Bernal*, ECF 1:20-CV-9329, 3, at 2. Chief Judge McMahon also granted Plaintiff thirty days' leave to show cause that, while a prisoner, he has not filed three or more cases that were dismissed as frivolous, malicious, or for failure to state a claim. (*Id.* at 3.)